# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      **Plaintiff,**

      **v.**

LUIS MORALES,

      **Defendant.**

Case No. 21-CR-2

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

On March 31, 2022, Luis Morales was sentenced to 168 months in the custody of the Bureau of Prisons for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and 841(b)(1)(B). Judgment was entered on April 5, 2022, and Morales filed a Notice of Appeal on April 7, 2022. The appeal was dismissed pursuant to Appellate Procedure 42(b) and Circuit Rule 51(f) on June 12, 2023. Now before the court is Morales' February 13, 2026, pro se motion seeking compassionate release. For the following reasons, the motion will be denied.

In 2018, as part of the First Step Act, Congress "created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau of Prisons to review the request and make a recommendation (or it let 30 days pass in silence)." *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). As the Government aptly notes, "[p]risoners have two routes to directly petition this Court for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt

. . . of such a request" by the warden. 18 U.S.C. § 3582(c)(1)(A)." Dkt. 225 at 2. Exhaustion is mandatory. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Morales' motion is silent regarding whether he exhausted his administrative remedies by first submitting his request to the warden. For this reason alone, Morales' motion must be denied. But even if he had exhausted his administrative remedies, the result would be the same. Morales' motion fails on its merits.

The "extraordinary and compelling" reasons cited by Morales in his motion include 1) he received 3 criminal history points for a manslaughter conviction that occurred when he was just 17 years old and that the removal of those points would reduce him to a Criminal History Category IV; 2) since conviction he has followed all orders of the court, paid all financial obligations, maintained employment (including continuing to run his businesses from prison), and he pays his taxes even though incarcerated; 3) he had completed 24 educational courses, which shows his continued efforts at rehabilitation; 4) completion of programming and FSA time credits which are applied by the BOP towards early release; 5) his family responsibilities (including the need to care for his mother who is on dialysis); 6) his ties to the community, renewed sense of empathy (including donations to charities even while incarcerated), and his sincere desire to change; and 7) "serious injuries that government employees were responsible for" which occurred while incarcerated, although it appears this issue is the subject of a separate civil suit. Dkt. 218 at 4–7.

The Government notes that none of the factors listed are "unusual or sufficient to justify compassionate release. Standing alone, 'rehabilitation efforts are not a ground for release under § 3582(c)(1)(A). *United States v Peoples*, 41 F.4th 837, 842 (7th Cir. 2022).'" Dkt. No. 225 at 4. The court agrees. Morales' appeal was voluntarily dismissed and he did not challenge the assessment of criminal history points for his earlier manslaughter conviction. The court noted at

2

sentencing that Morales was originally charged with first-degree murder–not manslaughter, and "[i]t doesn't look to me like you were an innocent bystander. You don't get convicted of a manslaughter charge for just being present. You had some sort of significant role in it . . . . to be charged as a juvenile and given a seven-year sentence." Transcript, Dkt. No. 210 at 34. There was also a history of violence. Morales made considerable profits–he was not simply feeding his own drug habit. He had more than an adequate means to earn an honest living and his crime was one of opportunity. While Morales' efforts toward rehabilitation after incarceration are encouraged and applauded, such efforts also do not meet the "extraordinary and compelling" standard for compassionate release. For these reasons as well, Morales' motion is denied.

Furthermore, § 3553 factors do not support relief. Morales received a sentencing enhancement for his leadership role in a large-scale cocaine trafficking conspiracy involving the Jalisco New Generation Cartel and utilizing his restaurant to further that conspiracy. Reducing his sentence at this early stage of his incarceration would fail to provide adequate deterrence, depreciate the seriousness of the offence, and would not promote the respect for the law that his sentence was intended to convey. For these reasons as well, Morales' motion is denied.

**IT IS THEREFORE ORDERED** that Morales' Motion for Compassionate Release, Dkt. No. 218, is **DENIED**.

Dated at Green Bay, Wisconsin this 6th day of July, 2026.

William C. Griesbach
United States District Judge

3